UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| YAYOMI KANAI<br><br>  Plaintiff<br><br>  - Against –<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>  Defendants | CASE NO.<br><br>COMPLAINT |

1. This is an action against the United States Citizenship and Immigration Services (USCIS) and United States Department of Homeland Security seeking the Court to hold unlawful and set aside a decision of the agency denying permanent residency to a Japanese woman married to a U.S. citizen under 8 U.S.C. § 1182(a)(9)(B)(i)(II) even though it is obviously inapplicable to her.

2. In what has become a pattern all too familiar to those acquainted with the USCIS, the agency, in its decision denying Yayomi Kanai's application to adjust her immigration   status in the U.S. to permanent resident ("green card holder"), refused to honor its duty to apply the plain and unequivocal language of the law, but instead chose to re-write the Immigration and Nationality Act (the Act) to say what it wanted it to say, even though the

agency's fanciful misinterpretation was entirely irreconcilable with its actual words.

3. Yayomi Kanai is a citizen of Japan. She has never been convicted of or even charged with any crime, has never accepted any public benefits, and has lived for over 10 years with her U.S. citizen husband, whom she recently married.

4. Ms. Kanai admittedly has violated U.S. immigration law however, first by overstaying her nonimmigrant status for over a year, then, following a departure in 2003, returning and overstaying again.

5. Ms. Kanai's failure to strictly comply with U.S. immigration laws, although deplorable, is not a basis for denying her permanent residency due to the fact that she is married to a U.S. citizen.

6. In particular, although failing to maintain a lawful nonimmigrant status is normally a basis for denying a foreign national's application for adjustment of status to permanent resident in the United States under 8 U.S.C. § 1255(c)(2), Congress has expressly exempted the "immediate relatives" (which includes spouses) of U.S. citizens.

7. Nevertheless, on May 12, 2020 the USCIS denied Ms. Kanai's application for adjustment of status, not under  8 U.S.C. § 1255(c), but under another provision of law equally inapplicable to her facts.

8. The USCIS denied Ms. Kanai's application under 8 U.S.C. § 1182(a)(9)(B)(i)(II) because it claimed that she was "inadmissible" to the United States.

9. But it did so only through the grossest and most obvious misreading, indeed, rewriting, of the plain language of the statute.

10. 8 U.S.C. § 1182(a)(9)(B)(i) provides in relevant part that:

> In general.--Any alien (other than an alien lawfully admitted for permanent residence) who--
> **(II)** has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States, is inadmissible.

11. Ms. Kanai admits that she was unlawfully present in the United States for over a year prior to her last departure from this country in 2003.

12. Accordingly, under the plain language of the Act, she continued to be inadmissible until 2013, at which point her ten year inadmissibility period came to an end.

13. Nevertheless, the USCIS denied her application for adjustment of status under this section claiming, bizarrely, that despite the clear and unequivocal language of the Act, she continued to be inadmissible to this country over 16 years after her departure.

14. Indeed the agency went so far as to claim that reading the Act as it was actually written was "absurd".

15. Because Ms. Kanai believes that Congress understands how to write laws, and that reading the law as it is written, and not as an administrative agency would like it to have been written, is never "absurd", she now brings this action for judicial review under the Administrative Procedure Act before this Court.

## JURISDICTION

16. Inasmuch as this is an action arising under the Administrative Procedure Act, 5 U.S.C. § 551 et seq., a law of the United States, this Court has jurisdiction over this matter under 28 U.S.C. § 1331.

## VENUE

17. Since Ms. Kanai resides within this judicial district, at 12891 Hammock Lane, Playa Vista, Los Angeles County, California, venue is properly placed in this Court.

## CAUSE OF ACTION

### COUNT I: JUDICIAL REVIEW

18. 5 U.S.C. § 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

19. Inasmuch as the USCIS' decision denying Ms. Kanai's application for adjustment of status is irreconcilable with the plain language of 8 U.S.C. § 1182(a)(9)(B), the sole provision of law upon which it purports to rely, it is not in accordance with law.

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS' decision denying Ms. Kanai's application for adjustment of status.

COUNT II: TO COMPEL AGENCY ACTION UNLAWFULLY WITHHELD

20. The USCIS, by wrongfully denying Ms. Kanai's application for adjustment of status on the basis of its disregard of the plain language of the statute upon which it purported to rely, has unlawfully withheld a proper decision on the merits of her application.

WHEREFORE it is respectfully requested that this Court compel the USCIS to properly readjudicate Ms. Kanai's application for adjustment of status in no more than thirty (30) days from the date of this Court's Order setting aside its erroneous decision in this matter.

/s/Athina Doria

*Athina Doria*
Attorney for the Plaintiff
Immigration Law Offices of Los Angeles, P.C.
3415 S. Sepulveda Blvd. Suite 570
Los Angeles, CA 90034
Phone: (213) 375-4084
Fax: (800) 628-5605
Email: athina@immigrationhelpla.com
Dated: June 15, 2020